IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORLANDO REQUEJO-PUPO | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0458-BD |
| JOHN T. SOURKARIS, Director | § | |
| Post Detention Unit, U.S. Immigration | § | |
| and Customs Enforcement, ET AL. | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM ORDER**

Petitioner Orlando Requejo-Pupo, a citizen of Cuba who is seeking either an adjustment of status or political asylum in the United States, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his sole ground for relief, petitioner contends that he has been held in immigration custody without bond for more than 22 months in violation of section 241(a) of the Immigration and Nationality Act ("INA"), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Respondents move for dismissal on the grounds that neither the statute nor *Zadvydas* apply because petitioner is not under a final order of removal and has delayed the immigration proceedings by his own actions. Petitioner was directed to file a written response to the motion to dismiss, but failed to do so. The court therefore decides the motion without the benefit of a response.

When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins on the latest of:

>   1.   The date the order of removal becomes administratively final;
>
>   2.   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or
>
>   3.   If the alien is detained or confined, (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).  During the removal period, the Attorney General must detain the alien.  *Id.* § 1231(a)(2).  Thereafter, the alien may be detained only for a period "reasonably necessary to bring about [his] removal from the United States."  *Zadvydas*, 121 S.Ct. at 2498.

Although petitioner has been held in immigration custody without bond since August 2004,[1] he is not yet under a final order of removal.  In fact, between January 11, 2005 and June 7, 2005, petitioner obtained four continuances so his attorney could investigate the possibility of obtaining an adjustment of status under the Cuban Adjustment Act or, alternatively, requesting political asylum and protection under the Convention Against Torture.  Respondents have advised the court that a final removal hearing was scheduled for June 22, 2006 before an immigration judge in Dallas, Texas.[2]  Until petitioner is ordered removed from the United States and the removal order becomes final at the administrative level and, if applicable, on direct appeal, the 90-day removal period does not commence and section 241(a) of the INA does not apply.

For these reasons, respondents' motion to dismiss is granted.  The court will dismiss petitioner's application for writ of habeas corpus by separate judgment issued today.

SO ORDERED.

---

[1] The immigration judge denied bond based, in part, on reports that petitioner may have murdered one of the occupants of the sailing vessel that transported him and five other Cuban nationals to the United States.

[2] The court has not been notified of the outcome of that hearing.

DATED: July 10, 2006.

                                                JEFF KAPLAN
                                                UNITED STATES MAGISTRATE JUDGE